### INTERNATIONAL MOLDING MACH. CO. v. TABOR MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1914.)

No. 2076.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—MOLDING MACHINE.

The Tabor patent, No. 824,317, for a molding machine, discloses patentable invention, and is valid, the patented machine being new, useful, and successful; also *held* infringed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

Suit in equity by the Tabor Manufacturing Company against the International Molding Machine Company. Decree for complainant, and defendant appeals. Affirmed.

Action on patent No. 824,317, on a molding machine, granted to Harris Tabor, assignor to the appellee, June 26, 1906. Decree for appellee, finding the patent valid and infringed. Affirmed.

The machine in question is a "turn-over draw" molding machine, or a turn-over pattern lift machine, in which the pattern is placed in the "flask" or mold box used to hold the molding material, is rammed or tamped, a bottom board clamped on to hold the mold in place, the flask then turned over to the opposite side of the machine, and laid bottom side up on a receiving support, unclamped, and the pattern drawn vertically upward out of the mold. Claim 6 is sued on, as follows: "In a molding machine, the combination of a movable frame, means for elevating it, a carrier marginally hinged to said frame, and stops for holding the carrier at right angles to the direction of motion of the frame, substantially as described."

Tabor was not the first to provide a machine in which the pattern carrier is pivotally mounted to permit it to be rotated to inverted position, nor to provide for straight-line draw, nor to provide for straight-line draw by lifting the pattern out of the mold; nor was he the first to provide a marginally hinged carrier machine involving separation of the mold and pattern by straight-line draw; and while Tabor did produce a machine which is different from the machines of the prior art, the contention of the appellant is that the production of this machine did not involve invention, in view of the prior art, but was merely the result of the exercise of mechanical skill in the selection of parts of prior machines, and the rearrangement of elements old in this particular art, and involved merely the reversal of the operation of prior machines without producing a new result. The patented machine has been quite successful, 1,700 having been sold since 1905 for about $350,000. Appellant had been making a "drop-mold" machine, in which the mold was withdrawn downwardly from the pattern; but in 1912 adopted the patent construction. This is the infringement complained of.

Wm. B. Davies, of Chicago, Ill., for appellant.

Francis T. Chambers, of Philadelphia, Pa., for appellee.

Before BAKER and SEAMAN, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge (after stating the facts as above). There can be little doubt of the novelty and utility of the patented machine here in question. It is unlike anything in the prior art, and it possesses utility in a marked degree, besides having had a considerable success. To put it in another way, the patented device is new, it is useful and successful, and appellant has adopted it, although the prior art was open to it, and it had previously made another kind of machine, of the marginally hinged drop-mold type. There is an improved result, because it is better to lift a light pattern from the mold than to lower a heavy mold away from the pattern, and it is better to lift the pattern straight out of the mold than to do so with a turning movement, as in the earlier trunnion machines.

The earlier machines are of three kinds. There were trunnion machines where the mold plate was supported by centrally located trunnions on which it could turn over. These are not as convenient as the

Tabor machines, because the pivoted plates necessarily limit the size of the mold. In other machines the pattern was withdrawn, not in a straight line, but in the arc of a circle. In others, the mold dropped away from the patterns. Tabor improved on all of these by producing a machine which may use any size of mold, together with the vertical lift. There are also other points of improvement in respect to maintaining the center of gravity and compensating lost motion. It is, however, enough to say that Tabor produced something new, with an improved result, and that appellant has taken it. The device is exceedingly simple, practical, and reliable. A witness testified that one of the machines had been used six years at a total expense for repairs of 35 cents. Even if there were doubt on the question of invention, appellant's action would be enough to turn the scale. While praising the prior art, it prefers to use complainant's machine.

The decree finding the patent valid and infringed is affirmed.